**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.: 1:19-cv-21872-UU

ANDRES GOMEZ,

    Plaintiffs,
v.

MEDIX PHARMACY,

    Defendants.
_____/

**DEFENDANT, MEDIX PHARMACY'S, ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, MEDIX PHARMACY, by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Amended Complaint, [*DE #13*], and in support states as follows:

1. Admitted that Plaintiff is bringing this lawsuit, alleging that its website is not accessible to the blind. Denied that Plaintiff has standing to bring such a claim against the Defendant.

2. This Paragraph does not contain a factual allegation to which a response is required, but a self-serving policy statement.

3. Denied.

4. Denied.

5. This Paragraph does not contain a factual allegation to which a response is required. The referenced statute is the best evidence of its content, purpose, and meaning.

6. Denied that Plaintiff is entitled to any relief sought.

**JURISDICTION AND VENUE**

7. Admitted for jurisdictional purposes only.

8.     Admitted for jurisdictional and venue purposes only.

9.     Admitted for venue purposes only.

## PARTIES

10.    Defendant is without independent knowledge concerning Plaintiff's residence, medical condition, or ability to carryout his life activities. Therefore, denied.

11.    Admitted that Defendant operates a pharmacy located at 4850 W. Oakland Park Blvd., #106, Lauderdale Lakes, FL 33313. All other allegations are denied.

## FACTUAL BACKGROUND AND ALLEGATIONS

12.    This Paragraph does not contain a factual allegation to which a response is required, but a self-serving policy statement.

13.    This Paragraph does not contain a factual allegation to which a response is required, but a self-serving policy statement.

14.    Defendant is without independent knowledge concerning Plaintiff's medical condition or habits. Therefore, denied.

15.    Admitted that Defendant's address, hours of operation, and telephone number were listed on its website. All other allegations are denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

**SUBSTANTIVE VIOLATION**
**(Title III of the ADA, 42 U.S.C. §12181 et seq.)**

28. Defendant restates and incorporates its responses to Paragraph 1-27, above, as if stated herein.

29. This Paragraph does not contain a factual allegation to which a response is required. The referenced statute is the best evidence of its content, purpose, and meaning.

30. Admitted that Defendant's physical location is a public accommodation under the ADA. All other allegations are denied.

31. Denied.

32. Denied.

33. This Paragraph does not contain a factual allegation to which a response is required. The referenced statute is the best evidence of its content, purpose, and meaning.

34. Denied.

35. This Paragraph does not contain a factual allegation to which a response is required. The referenced statute is the best evidence of its content, purpose, and meaning.

36. Denied.

37. This Paragraph does not contain a factual allegation to which a response is required. The referenced statute is the best evidence of its content, purpose, and meaning.

38. Denied.

39. This Paragraph does not contain a factual allegation to which a response is required. The referenced statute is the best evidence of its content, purpose, and meaning.

40. Denied.

41. Denied.

42. Denied that Plaintiff is entitled to any relief sought.

## COUNT II: VIOLATION OF SECTION 504 OF REHABILITATION ACT

43. Defendant restates and incorporates its responses to Paragraph 1-27 and 29-42, above, as if stated herein.

44. Defendant is without independent knowledge concerning Plaintiff's medical condition or ability to carry out his life activities. Therefore, denied.

45. Denied.

46. This Paragraph does not contain a factual allegation to which a response is required. The referenced statute is the best evidence of its content, purpose, and meaning.

47. Denied.

48. This Paragraph does not contain a factual allegation to which a response is required. The referenced statute is the best evidence of its content, purpose, and meaning.

49. Denied.

50. This Paragraph does not contain a factual allegation to which a response is required. The referenced statute is the best evidence of its content, purpose, and meaning.

51. Denied.

52. This Paragraph does not contain a factual allegation to which a response is required. The referenced statute is the best evidence of its content, purpose, and meaning.

53. Denied.

54. This Paragraph does not contain a factual allegation to which a response is required. The referenced statute is the best evidence of its content, purpose, and meaning.

55. Denied.

56. This Paragraph does not contain a factual allegation to which a response is required. The referenced statute is the best evidence of its content, purpose, and meaning.

57. Denied.

58. This Paragraph does not contain a factual allegation to which a response is required. The referenced statute is the best evidence of its content, purpose, and meaning.

59. Denied.

60. Denied.

61. Denied.

## GENERAL DENIAL

Defendant denies each and every allegation contained in the Amended Complaint not specifically admitted-to.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

This Defendant acted in good faith and made all reasonable efforts to comply with the ADA and the Rehabilitation Act.

### Second Affirmative Defense

This Defendant did not discriminate against the Plaintiff, ANDRES GOMEZ, based upon any disability.

### Third Affirmative Defense

The Plaintiff lacks standing to seek injunctive relief under the ADA as because he has not suffered any injury in fact as a result of any act or omission of the Defendant.

### Fourth Affirmative Defense

The Plaintiff lacks standing to seek injunctive relief under the ADA as there is not a sufficient likelihood that Plaintiff, ANDRES GOMEZ, will be wronged in a similar way in the future.

### Fifth Affirmative Defense

Plaintiff's claims for equitable relief are moot because it is the policy of Defendant to comply, where applicable, with laws concerning disabilities when possible and necessary.

### Sixth Affirmative Defense

The Plaintiff's claim under The Rehabilitation Act must be dismissed as the Plaintiff has failed to prove this Defendant acted with discriminatory intent.

### Seventh Affirmative Defense

Plaintiff's claims are barred or limited because Defendant did not engage in intentional discrimination against Plaintiff, ANDRES GOMEZ.

### Eighth Affirmative Defense

The Plaintiff, ANDRES GOMEZ, has failed to mitigate his damages in this matter.

### Ninth Affirmative Defense

No action, inaction or omission by Defendant was the proximate cause of any actual damages suffered by Plaintiff, ANDRES GOMEZ. Any actual damages suffered by Plaintiff, ANDRES GOMEZ, were suffered either as a result of Plaintiff's own conduct, or such damages were caused, in whole or in part, by the conduct of individual(s) or entities other than Defendant.

**Tenth Affirmative Defense**

The Plaintiff has failed to exhaust any and all required administrative remedies prior to bringing this action.

**Eleventh Affirmative Defense**

The Plaintiff has failed to set forth a prima facie case for discrimination under The Rehabilitation Act.

**Twelfth Affirmative Defense**

The Plaintiff, ANDRES GOMEZ, was negligent in causing or contributing to the injuries or damages alleged in the amended complaint, and therefore, the Plaintiff's recovery, if any, should be apportioned pursuant to the Doctrine of Contributory Negligence.

**Thirteenth Affirmative Defense**

Plaintiff is either not entitled to an award of attorneys' fees or such fees should be substantially reduced because Plaintiff failed to provide Defendant with notice of the alleged violations or an opportunity to cure same prior to filing suit. See, e.g., *Ass'n of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1360 (11th Cir. 2006) ("We stress that pre-suit notice is not required to commence suit under the ADA and that lack of pre-suit notice does not compel a reduction of the requested fee award. But where the factual record supports a finding that the plaintiff filed or maintained a suit unnecessarily, a district court may properly consider such a finding in setting the amount of attorney's fees.") (emphasis added).

**Fourteenth Affirmative Defense**

To the extent Defendant failed to provide any service required under the Rehabilitation Act, such denial cannot support a claim under the Rehabilitation Act because the provision of such service would amount to an undue hardship.

7

### Fifteenth Affirmative Defense

There is no private right to bring action under the Rehabilitation Act on the subject matter of the Complaint. See, 45 C.F.R. 84.52(d).

### RESERVATION OF AFFIRMATIVE DEFENSES

Defendant reserves the right to allege any further affirmative defenses as discovery proceeds.

WHEREFORE, Defendant, having fully answered the Amended Complaint and having raised legal defenses thereto, requests judgment in its favor in its entirety and that the Defendant be awarded costs and reasonable fees pursuant to 28 U.S.C. §1927 and 42 U.S.C. §12205.

Respectfully submitted, this 28th day of June, 2019.

>ADI AMIT, P.A.
>*Attorneys for Defendant*
>101 Centre
>101 N.E. Third Avenue, Suite 300
>Fort Lauderdale, Florida 33301
>Phone: (954) 533-5922
>Fax: (954) 302-4963
>E-mail: Adi@DefenderOfBusiness.com
>
>By: *s/Adi Amit*
>      Adi Amit, Esquire
>      Florida Bar No. 35257

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 28, 2019, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>/s/ *Adi Amit*
>Adi Amit

## SERVICE LIST

*Andres Gomez v. Medix Pharmacy*
Case No.: 1:19-cv-21872-UU

Alberto R. Leal, Esquire
The Leal Law Firm, P.A.
9314 Forest Hill Blvd., #62
Wellington, FL 33411
al@thelealfirm.com
*Co-Counsel for Plaintiff*

Douglas S. Schapiro, Esquire
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
schapiro@schapirolawgroup.com
*Co-Counsel for Plaintiff*

Adi Amit, Esquire
ADI AMIT, P.A.
101 Centre
101 N.E. Third Avenue,
Suite 300
Fort Lauderdale, Florida 33301
adi@defenderofbusiness.com
*Counsel for Defendant*